UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HELWIG, | ) | CASE NO. 1:20CV920 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CONCENTRIX CORPORATION, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court is Defendant's Motion to Dismiss due to Plaintiff's lack of standing. (Doc. 6). Because Plaintiff adequately alleges a statutory violation of a concrete harm, he has standing. The Court therefore **DENIES** Defendant's Motion. (Doc. 6).

## I. BACKGROUND FACTS

Defendant operates call centers throughout the United States and abroad, employing over 100,000 individuals. In early February of 2020, Plaintiff David Helwig applied for employment with Defendant. On February 13, 2020, Defendant offered Plaintiff fulltime employment beginning February 26, 2020. Defendant's offer, however, was contingent on a "satisfactory evaluation of references and background checks." (Doc. 1, PageID: 3, ¶ 17).

To conduct the background check, Defendant contracted with Sterling Infosystems, Inc. On or about February 17, 2020, Sterling completed Plaintiff's background check and sent Plaintiff an email with an attachment concerning the same.

Two hours later, Defendant, through its representative, revoked Plaintiff's employment offer. According to Defendant, Plaintiff's "background [did] not meet company requirements." (*Id.*, PageID: 4, ¶ 22). Defendant's revocation also let Plaintiff know that "[a] report will be sent to you from Sterling[.]" (*Id.*).

According to Plaintiff, Defendant took an adverse action against Plaintiff without affording Plaintiff the opportunity to address the perceived issues in the report or dispute the information contained therein. Plaintiff believes this is Defendant's common business practice—once Defendant receives a background report containing derogatory information, Defendant immediately and unequivocally rejects the applicant before sending the applicant's background report and without providing the applicant an opportunity for discussion.

Plaintiff believes this business practice violates 15 U.S.C. § 1681b(b)(3). As such, he sued on behalf of himself and others similarly situated. In response, Defendant moved to dismiss the Complaint for Plaintiff's lack of standing.[1] (Doc. 6). Plaintiff opposed (Doc. 7) and Defendant replied shortly thereafter (Doc. 8).

## II. LAW & ANALYSIS

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter…

FED. R. CIV. P. 12(b)(1).

---

[1] Defendant brought its Motion under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. But the substance of Defendant's Motion, as well as its subsequent briefing, focuses solely on Rule 12(b)(1). Therefore, the Court's discussion herein focuses solely on Rule 12(b)(1).

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See*, *e.g.*, *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Where there is a facial challenge to standing, the Court must consider the allegations in the Complaint as true. *DLX, Inc.*, 381 F.3d at 516; *Walter v. Leavitt*, 376 F. Supp. 2d 746, 752 (E.D. Mich. 2005) (allegations confronted by facial attacks are construed in the light most favorable to the nonmoving party). Where there is a factual challenge to standing, the Court may consider evidence outside the pleadings to resolve factual disputes and the Court must weigh the evidence. *DLX, Inc.*, 381 F.3d at 516.

Here, Defendant's Motion presents an attack on the sufficiency of the allegations and is therefore, a facial attack.

**B.     Article III Standing**

The Constitution limits federal courts jurisdiction to actual "cases" or "controversies." U.S. Const., art. III, § 2, cl. 1. Known as "standing," it is an "essential and unchanging part of the case-or-controversy requirement under Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In federal court then, a plaintiff must show three things to demonstrate standing: 1) an injury in fact that is concrete and particularized, as well as actual or imminent; 2) a causal relationship between the injury and the complained-of conduct; and 3) a likelihood that the injury can be redressed by a decision in the plaintiff's favor. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *N.E. Fla. Chapter of the Assoc. Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663-64 (1993).

For an injury to be particularized, it must "affect the plaintiff in a personal and individualized way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "An injury in fact must be real, not abstract, actual, not theoretical, concrete, not amorphous." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019) (citing *Spokeo*, 136 S. Ct. at 1548).

The plaintiff bears the burden of alleging sufficient facts to demonstrate standing. *Spokeo*, 136 S. Ct. at 1547 & n.6; *Warth v. Seldin*, 422 U.S. 490, 518 (1975). However, alleging a bare procedural violation of a federal statute is not enough. *Spokeo*, 136 S. Ct. at 1550. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. "If a claimant has not suffered a genuine harm or risk of harm, a federal court has no business entertaining his lawsuit." *Huff*, 923 F.3d at 465.

Summarizing *Spokeo*, the Sixth Circuit clarified that statutory violations may fall into two broad categories:

> (1) where the violation of a procedural right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a "bare" procedural violation that does not meet this standard, in which case a plaintiff must allege "*additional* harm beyond the one Congress has identified."

*Macey v. GV Servs. Ltd. P'ship*, 897 F.3d 747, 756 (6th Cir. 2018) (citing *Spokeo*, 136 S. Ct. at 1549).

Defendant argues this case falls under category two—a bare procedural injury. According to Defendant, *Spokeo* controls and Plaintiff's bare procedural violation is insufficient to show standing. (Doc. 6, PageID: 28). Plaintiff has not alleged (nor has he suffered) an additional harm, which is necessary for Article III standing.

Plaintiff disagrees, and argues his case falls under category one of *Macey*. In doing so, he relies on decisions out of the Third and Seventh Circuits that reject arguments like Defendant's. Rather, the type of harm Plaintiff suffered was both real and concrete because of the significant right at risk.

Based on the Court's reading of the statute, the more persuasive caselaw and the facts as pleaded in the Complaint, the Court agrees with Plaintiff.

**C.  15 U.S.C. § 1681b(b)(3)(A)**

Plaintiff brings his putative class claim under 15 U.S.C. § 1681b(b)(3)(A). Section 1681b(b)(3)(A) requires employers

> in using a consumer report for employment purposes, before taking adverse action based in whole or in part on the report, the employer shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under the FCRA.

15 U.S.C. § 1681b(b)(3)(A)(i)–(ii) (cleaned up).

Section 1681b(b)(3)(A) is clear—"before an employer takes adverse action based in any part on a consumer report, the consumer has a right to receive a description of his rights under the FCRA as well as a copy of his report[.]" *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 319 (3d Cir. 2018). Noticeably absent from this section is any reference to the accuracy of the report. *Id.*; *see also Robertson v. Allied Sols., LLC*, 902 F.3d 690, 696 (7th Cir. 2018) (Section 1681b(b)(3)(A) does not "link accuracy concerns and the disclosure obligations imposed on" employers).

Various courts throughout the country have analyzed this section under the Supreme Court's pronouncements in *Spokeo*. Many of those courts have concluded that a violation of § 1681b(b)(3)(A) is sufficient to establish a plaintiff's standing. *See e.g., Robertson*, 902 F.3d at

697 (finding standing and ruling that "*Spokeo* does not require a contrary result"); *Long*, 903 F.3d at 323-25 (Section 1681b(b)(3)(A) meets both the congressional intent test and the historical test of *Spokeo*); *Mattiaccio v. DHA Group, Inc.*, 474 F. Supp. 3d 231, 251 (finding a violation of § 1681b(b)(3)(A) satisfies both prongs of *Spokeo* standing test); *Walker v. Fred Meyer, Inc.*, 2018 WL 3090199 (D. Or. June 21, 2018) (finding standing to bring claim under 15 U.S.C. § 1681b(b)(3), *rev'd on other grounds*, 953 F.3d 1082 (9th Cir. 2020)).

Indeed, the Sixth Circuit would seem to agree. In *Huff v. TeleCheck*, the Sixth Circuit analyzed statutory violations as intangible injuries in fact. 923 F.3d at 464. The *Huff* court concluded that these types of injuries "may satisfy Article III's injury-in-fact requirement." *Id.* In doing so, *Huff* focused on *Spokeo*'s two-pronged approach of "[1] historical practice and [2] the judgment of Congress to help determine whether an intangible injury provides Article III standing." *Id.*, the same test followed by both *Long* and *Robertson*. Ultimately, the *Huff* court determined that Huff could not demonstrate under a different subsection of the FCRA either an actual consequence or real risk of harm to establish a concrete injury. *Id.* at 467.

But here, Plaintiff did suffer an actual consequence based on his report (withdrawal of an employment offer). More importantly, Plaintiff's future conduct was impacted by not having the report prior to the adverse decision. Section 1681b(b)(3)(A) seeks to protect the consumer's future conduct. The statute mandates disclosure of a report before an adverse decision. Thus, a failure to disclose the report is much different than a technical error with the report itself. The latter example is one highlighted in *Spokeo* as a bare procedural harm and is not present here. A violation of § 1681b(b)(3)(A) then, is different than other sections of the FCRA and sufficient to establish standing.

**D.      Plaintiff's Allegations**

Moving now to Plaintiff's Complaint, the allegations (viewed in Plaintiff's favor) provide sufficient facts to demonstrate standing.  The key events occurred on February 17, 2020 with two important emails.  The first, from Sterling (the reporting agency), flags Sterling's work and Plaintiff's rights.  The second, from Defendant, notifies Plaintiff that Defendant considered Plaintiff unqualified for the position based on his background report.  Importantly, Defendant's email states that "a report will be sent to you from Sterling[.]"

These facts reflect that Defendant's metaphorical right hand was unaware of what its left hand was doing.  And this is key because at some point during these two emails—separated by a mere two hours—Defendant made an adverse decision to not hire Plaintiff.  Based on Defendant's email and representation of the facts, that adverse decision was made before Plaintiff received a copy of his background report.  Thus, based on Plaintiff's allegations, Defendant violated § 1681b(b)(3)(A).

Defendant's arguments to the contrary are not persuasive.  First, Defendant believes Plaintiff should have alleged that the report was inaccurate.  But this is not required under the statute.  As mentioned above, § 1681b(b)(3)(A) is not concerned with the accuracy of the report.  A simple comparison to the immediate next section—§ 1681b(b)(3)(B)—confirms this reading.  That section allows consumers, in part, to "dispute with the consumer reporting agency *the accuracy or completeness* of any information in the report."  15 U.S.C. § 1681b(b)(3)(B)(i)(IV).  The fact that similar language is missing from the statute Plaintiff sued under is telling and confirms that the accuracy of the report is immaterial to Plaintiff's rights under the statute at issue.

Second, Defendant claims Plaintiff should have alleged he would have contextualized the report with Defendant and that Defendant would have changed its decision. Again, this allegation is immaterial for standing purposes. *Robertson*, 902 F.3d at 697 ("[t]hat [plaintiff] has not pleaded what she may have said if given the chance to respond, or that she may not have convinced Allied to honor its offer, is immaterial to the substance of her interest in responding"). The statute gives Plaintiff the right to receive his report before Defendant made its adverse decision. Thus, a future right of Plaintiff is implicated. What he would have done with that report, or what he may do with it, is an issue for the merits and not relevant to Plaintiff's standing rights.

Finally, Defendant's caselaw is distinguishable. At the outset, the Court notes that Defendant makes no attempt to distinguish either *Long* or *Robertson*, two appellate cases directly on point. Instead, Defendant criticizes Plaintiff's inability to distinguish a Magistrate Judge's opinion out of the Eastern District of Michigan, decided before both *Long* and *Robertson*. In fact, the primary cases Defendant relies on were all decided before *Long* and *Robertson*.[2] The most on-point decision cited by Defendant is *Dutta v. State Farm*, 895 F.3d 1166 (9th Cir. 2018). But even *Dutta* supports the contention that § 1681b(b)(3) protects a consumer's concrete interests in notice prior to adverse employment action. *See Dutta*, 895 F.3d at 1175 (a violation of § 1681b(b)(3) was established to protect concrete interests). Where *Dutta* differs from this case is in its procedural posture, as the Ninth Circuit found Plaintiff's factual claims of standing were insufficient on summary judgment, as opposed to Defendant's facial attack here. *See id.* at 1175-76 (finding dispositive State Farm's uncontested affidavit outlining its hiring processes).

---

[2] This Court's decision is *Shelton v. Blindbid, Inc.*, 2019 WL 4451376 (N.D. Ohio Sept. 17, 2019) is not dispositive as it dealt with a different subsection of the FCRA.

Accordingly, § 1681b(b)(3)(A) protects the concrete interests of consumers and Plaintiff adequately pleaded sufficient facts to demonstrate Defendant violated his interests.

### III. CONCLUSION

Section 1681b(b)(3)(A) protects consumers concrete interests in receiving their background reports before an employer takes adverse action. At this stage, Plaintiff has alleged enough facts to demonstrate that Defendant harmed his concrete rights by violating this section. And the remaining criteria for standing have not been contested. Accordingly, Plaintiff has standing to proceed with his case and the Court **DENIES** Defendant's Motion to Dismiss (Doc. 6).

This opinion is limited solely to Plaintiff's standing. It has no bearing on the propriety of class certification or class representative, nor the ultimate merits of Plaintiff's claim. The Court will issue a separate Case Management Conference Order to discuss this matter moving forward.

**IT IS SO ORDERED.**

                                       s/ Christopher A. Boyko
                                       **CHRISTOPHER A. BOYKO**
                                       **Senior United States District Judge**

**Dated: March 26, 2021**