# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID HELWIG, on behalf of himself and all others similarly situated, | CASE NO. 1:20-cv-00920 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| vs. | |
| CONCENTRIX CORPORATION, | |
| Defendant. | |

## PLAINTIFF'S UNOPPOSED MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Now comes the Named Plaintiff David Helwig ("Helwig"), by and through counsel, and hereby moves the Court pursuant to Fed. R. Civ. P. 23 for preliminary approval of the class settlement and approval of form and manner of notice. Defendant Concentrix Corporation ("Concentrix") does not oppose the requested relief. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

/s/ Stephen M. Bosak
Stephen M. Bosak, Jr. (0092443)
GEMBALA, McLAUGHLIN
& PECORA CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
sbosak@gmpfirm.com
*Class Counsel*

## **MEMORANDUM IN SUPPORT**[1]

### I. BACKGROUND

After years of contentious and contested litigation, Helwig and Defendant Concentrix Corporation ("Concentrix") agreed to a classwide settlement after extensive arms-length negotiations. The proposed settlement resolves the Class Members' claims arising under the Fair Credit Reporting Act (FCRA). Specifically, the Class Members allege that Concentrix willfully violated 15 U.S.C. § 1681b(b)(3) by using background checks as a basis for adverse employment action without first providing applicants with a copy of the report, a summary of their FCRA rights, and an opportunity to address any information contained in the report. (*See generally*, Doc. 1). In Helwig's case, Concentrix disqualified Helwig as an applicant for employment based on information revealed in a consumer report. (*Id.*). On April 29, 2020, Helwig sued Concentrix asserting class claims under 15 U.S.C. § 1681b(b)(3) (*Id.*). Concentrix denies Helwig's allegations.

Years of extensive litigation followed including voluminous discovery practice, several depositions, and contested class certification motion practice. The Court granted class certification for Helwig's claim in part but limited the class to those persons who received the "you are no longer being considered" email, excluding those who received a scripted phone call without that language. Following this ruling, the parties engaged in protracted arm's-length negotiations to arrive at the proposed settlement presented for approval here.

---

[1] All defined terms shall have the same meanings used in the Stipulation of Settlement filed concurrently with this motion.

Helwig believes his class claims have merit and that if the case did not settle, he would prevail at trial. Concentrix takes the opposite view. Regardless, it is understood that if the case proceeded to trial and Helwig failed to prove that Concentrix willfully violated the FCRA, his claim on behalf of the Class Members would fail, and he, along with any potential class member, would not be entitled to *any* monetary relief. Conversely, if Helwig did prevail at trial, then he and any potential class member could seek to recover statutory damages between $100.00 and $1,000.00, plus attorneys' fees and unliquidated punitive damages under the FCRA.

In light of the uncertain outcome and the risk of further litigation, the Settling Parties entered into the Stipulation of Settlement ("Stipulation"). (*See* Exhibit 1, Stipulation of Settlement; Declaration of Stephen M. Bosak ("Bosak Decl."), at ¶ 3). The class action settlement is the result of hard-fought negotiations between experienced counsel. Accordingly, Helwig requests the Court preliminarily approve the proposed class settlement and enter the proposed Preliminary Approval Order, attached as Exhibit B to the Stipulation.

## II.  PROPOSED CLASS ACTION SETTLEMENT TERMS

The proposed settlement is agreed to for the previously certified class asserting claims under 15 U.S.C. § 1681b(b)(3):

> All persons within the United States (including all territories and other political subdivisions of the United States): (a) who were the subject of a consumer report furnished to Concentrix from April 29, 2018 through the date of certification; (b) who received an email or letter from Concentrix containing the "no longer being considered" language (or a substantively close approximation thereof); and (c) against whom Concentrix took adverse employment action based in whole or in part on the consumer report without allowing a chance to address the report.

The parties agree that the Class consists of approximately 82 individuals. (Stip., at ¶ 2.1).

1. Settlement Payment

Concentrix agrees to pay each class member a net amount of $390 (the "Class Recovery Fund") (*Id.*, at ¶ 2.2). Separately, Concentrix also agrees to pay an award of attorney fees and costs, including costs of notice and settlement administration, up to Ninety-Six Thousand Five Hundred Dollars and Zero Cents ($96,500.00). (*Id.*). Class Counsel anticipates that the litigation costs and costs of settlement administration will be approximately $7,500.00. (*Id.*). Concentrix shall not be obligated to pay more than One Hundred Thirty-Three Thousand Five Hundred Dollars and Zero Cents ($133,500.00) (the "Settlement Funds") to settle the claims set forth by the Settlement Class, including claims for attorney fees and all costs and expenses, and all costs and expenses of notice and administration. (*Id.*). Additionally, Helwig intends to seek a service award of Five Thousand Dollars and Zero Cents ($5,000.00). (*Id.* at ¶ 7.4).

Any unclaimed amount in the Settlement Funds or uncashed checks will be distributed to the Center for Employment Opportunities, Inc., the *cy pres* beneficiary selected by Helwig and Concentrix. (*Id.*, at ¶ 4.6).

2. Mailed Notice

In the manner described in the Stipulation, Class Counsel will send, via First Class U.S. mail and electronic mail, the Court-approved written notices of the settlement to each Class Member at his or her last known valid address. The notice will be sent in substantially the form attached as Exhibit A to the Stipulation. Class Counsel will send the appropriate class notice to each Class Member no later than 30 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. (Stip.,

4

at ¶ 4.2). In addition to the Mail Notice plan, Class Counsel will maintain relevant information such as the Stipulation of Settlement, the Class Settlement Notice, Preliminary Approval Order, and contact information on its website for access from the Class. (Bosak Decl., at ¶ 7).

    3.    <u>Narrow Release</u>

The Stipulation tailors the release to be provided by Class Members so that it is limited to the claims and issues in this case. Class Members who have not opted out will release Concentrix, its parents and subsidiaries, and related persons from all claims that were alleged or could have been alleged in this case, under the FCRA, or any other law regarding consumer reporting. (*See* Stip., at ¶ 3.1). Class Members have agreed to this release in exchange for the cash payments that they will receive under the Stipulation, which are intended to compensate them for harm that they might have alleged in this case had it proceeded to trial.

    4.    <u>Uncashed or Expired Settlement Checks</u>

Settlement Checks that are returned, undeliverable, or remain uncashed for ninety (90) days from the date upon which they were mailed to Class Members will have no legal or monetary effect. (*Id*., at ¶ 4.3). After expiration of the ninety-day period after settlement checks are mailed to Class Members, any sums represented by uncashed settlement checks will revert to the Settlement Funds account to be distributed in accordance with the Stipulation, including to approved cy pres beneficiary. (*Id*., at ¶ 4.6).

    5.    <u>Exclusions and Objections</u>

Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than the date set

5

by the Court to object to the Settlement and provided in the Class Notice. (*Id.*, at ¶ 4.4). Class Counsel will provide a list of the names of each Class Member who submitted a timely exclusion to counsel for Defendant after the deadline passes.

### III.  ARGUMENT

Under Fed. R. Civ. P. 23(e), once a class is certified, the action may not be settled without Court approval. Preliminary approval is the first of two steps before a class action may be settled. *E.g.*, Fed. R. Civ. P. 23(e); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 13:10 (5th ed. 2017). If the court grants preliminary approval, it directs notice to the class members and sets a final fairness hearing. *Id.* A court may approve a class action settlement if it is fair, reasonable, and adequate. *Wayside Church v. Van Buren Cnty.*, 2025 U.S. App. LEXIS 26081, at *37 (6th Cir. Oct. 6, 2025). This Circuit recognizes that the law generally favors and encourages settlement of class actions. *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F. 3d 615, 632 (6th Cir. 2007). Further, district courts in this Circuit recognize that a settlement's fairness may be presumed when resulting from arm's length negotiations conducted by competent counsel. *E.g., Shy v. Navistar Int'l Corp.*, 2022 U.S. Dist. LEXIS 105677, at * 21 (S.D. Ohio 2022).

Federal Rule 23(e) provides four factors to guide the Court's decision on whether to preliminary approve a settlement: (1) adequacy of representation; (2) existence of arm's-length negotiations; (3) adequacy of relief; and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2). Courts in the Sixth Circuit also consider seven additional factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class

6

representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Each of these factors weighs in favor of preliminary approval.

### A. The Rule 23(e)(2) factors weigh strongly in favor of approval.

#### 1. The adequacy of the representation.

Rule 23(e)(2)(A) asks whether "the class representatives and class counsel have adequately represented the class[.]" A court must consider "whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007). The Court previously held that Helwig and Class Counsel satisfy Rule 23's adequacy requirements. (Doc. 35, at pp. 20-21). Helwig's interests continue to be aligned with the other class members in achieving monetary relief on behalf of the entire class for similar injuries. Likewise, Class Counsel are well-versed in FCRA class action litigation and confirm that the proposed settlement provides significant relief to the class members. Accordingly, adequacy is satisfied here.

#### 2. Presence of arm's-length negotiations.

Rule 23(e)(2)(B) considers whether "the proposal was negotiated at arm's length[.]" Here, the settlement is a product of extensive and informed negotiations between experienced counsel after contentious litigation. (Bosak Decl., at ¶ 5). The settlement was only achieved after significant litigation, the use of a third-party neutral, and continued negotiations between the parties. This factor weighs strongly in favor of preliminary approval.

7

   3. <u>Adequacy of the relief.</u>

Rule 23(e)(2)(C) tests whether the "relief provided to the class is adequate, taking into account: (i) the costs, risks, delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Given the potential risk and expense associated with continued litigation, the uncertainty of recovery at trial, and the possibility of protracted appeals, the proposed settlement is more than adequate and warrants approval. Under the settlement, Class Counsel successfully negotiated a per-class member recovery of $390.00, which is almost four times more than the minimum range of statutory damages under the FCRA. *See* 15 U.S.C. § 1681n. This monetary recovery is significant and consistent with other approved FCRA class action settlement. *See White v. Rbd Staffing Inc.*, 2017 U.S. Dist. LEXIS 235054, 2017 WL 11633452, at *4-5 (C.D. Cal. July 11, 2017) (approving settlement of § 1681b(b)(3) claim providing $270.95 per class member); *De Santos v. Jaco Oil Co.*, 2015 U.S. Dist. LEXIS 131790, 2015 WL 5732829, at *9 (E.D. Cal. Sept. 29, 2015) (approving settlement award of $50 per class member for one group of class members and $350 to $375 per class member for the other group of class members in § 1681b(b)(3) case); *see also Der-Hacopian v. Darktrace, Inc.*, 2020 U.S. Dist. LEXIS 68158, at *11-12 (N.D. Cal. Apr. 17, 2020) (approving class action settlement provide $300/class member for class of 275 individuals).

While Helwig believes strongly in his case, he also appreciates the litigation risk posed by Concentrix's defenses to willfulness, including surviving a forthcoming dispositive motion, and the potential for a smaller recovery, or ***no recovery***, at trial.

8

With the ultimate outcome in doubt, the immediate recovery provided by the settlement weighs heavily in favor of preliminary approval.

Moreover, the settlement does not feature any claims process. All class members will receive direct payments from the Settlement Funds. (Stip., at ¶ 2.2). The per-class member payments also are not affected or reduced by Class Counsel's separately negotiated award of attorney's fees and costs, which Concentrix has agreed to pay in addition to the recovery of the class. (*Id.*). There are also no separate agreements made in connection with the class settlement that are contingent on or affect the proposed class settlement. *See* Fed. R. Civ. P. 23(e)(3). Given the appropriate relief achieved for the class, each of the Rule 23(e)(2)(C) factors weigh in favor of preliminary approval.

4. The class settlement treats class members equally.

The final Rule 23(e) factor assesses whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, each of the class members, including Helwig, recover the same amount under the proposed class settlement. (Stip., at ¶ 2.2). Thus, this factor supports preliminary approval.

**B.  The Sixth Circuit factors also weigh in favor of preliminary approval.**

1. The risk of fraud or collusion.

Courts should presume the absence of fraud or collusion unless there is evidence to the contrary. *Harsh v. Kalida Mfg.*, 2021 U.S. Dist. LEXIS 175869, at *10 (N.D. Ohio 2021). And, in cases such as this, where counsel for both parties negotiated at arm's length, (*See* Bosak Decl. at ¶ 5), and there is no evidence whatsoever of fraud or collusion, this factor weighs in favor of preliminary approval. *See Id.*

9

      2. <u>The complexity of the litigation, the amount of discovery completed, and the merits of the claims.</u>

The second, third, and fourth factors of the Sixth Circuit's test are interrelated, as each weighs the costs and benefits of going forward with litigation. Settlement of class actions avoids the inherent complexity, "costs, delays, and a multitude of other problems associated with them." *In re Wells Fargo COVID Forbearance Settlement Litig.*, No. 2:24-cv-1026, 2024 LX 54604, at *19 (S.D. Ohio Dec. 19, 2024) (citing *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985,1013 (S.D. Ohio 2001)). Thus, if the class has had sufficient access to discovery to evaluate their case and assess the adequacy of their claims, the abbreviation of protracted litigation and the amount of discovery militate in favor of discovery. *See Id.* (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006)). And with sufficient discovery, the parties can view the merits of the class claims in light of the burden of continued litigation. The likelihood of success provides a gauge by which the benefits of the settlement may be measured. P*oplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)).

In general, most class actions are inherently complex, and this case is no exception. *See In re Wells Fargo* ("'Most class actions are inherently complex'") (quoting *In re Teletronics* at 1013). Though Helwig and Class Counsel believe that the claims asserted in this case have merit and, that if the case did not settle, the Class would prevail at trial, all parties recognize and acknowledge the expense and length of continued proceedings necessary to see this matter through trial and potential appeals. It is understood that if the case proceeded to trial and Helwig failed to prove that

10

Concentrix willfully violated the FCRA, his claim on behalf of the Class Members would fail, and he, along with any potential class member, would not be entitled to *any* monetary relief. Moreover, Concentrix still intended to seek summary judgment that could have stopped the class claims in their tracks. By virtue of the voluminous written discovery, document production, and depositions in this case, the parties have been able to appreciate the merits and shortcomings of the claims and, in light of the burden of continued litigation, arrive at a fair, reasonable, and adequate settlement.

3. <u>The opinions of class counsel and class representatives.</u>

Settlement should also be approved on the recommendation of experienced counsel. *See e.g., Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs …. [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered."); *see also Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *7 (S.D. Ohio May 30, 2012) ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class."). Here, Class Counsel has experience in FCRA class litigation and recommends preliminary and final approval, to which Defense Counsel does not object. Thus, Class Counsel's recommendation is entitled to deference, and this factor supports approving the proposed settlement.

4. The public interest.

The final factor[2], public interest, generally favors settlement. *Chambers v. Cont'l Secret Serv. Bureau, Inc.,* 2024 U.S. Dist. LEXIS 178070, at *21 (N.D. Ohio 2024). The proposed Settlement provides the Class with immediate relief, avoids further litigation, and frees this Court's judicial recourses for other matters, thus, the public interest favors approval of settlement. *See Hafley v. Amtel, LLC*, 2023 U.S. Dist. LEXIS 237813, at * 16 (S.D. Ohio 2023).

### C. The proposed notice plan is the best notice practicable under the circumstances.

Under Rule 23(e), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by [settlement] proposal." Fed. R. Civ. P. 23(e)(1). To be adequate, due process demands that notice to the class "be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 900 (6th Cir. 2019).

Here, individual notice is being provided directly to each Class Member. (*See* Stipulation and attached Class Settlement Notice). In addition, Class Counsel will make relevant information concerning the case and the Stipulation available through its website and by phone. (Bosak Decl., at ¶ 7); *see Thomas v. Mitsubishi Elec. Auto. Am., Inc.*, 2025 U.S. Dist. LEXIS 498479, at *26 (S.D. Ohio 2025) (finding mailing notice, supplemented by a website and telephone number, is reasonably calculated to reach class members).

---

[2] The sixth factor considers the reaction of the class to the settlement, which cannot be fully assessed until notice of the settlement is provided to the class. Class Counsel will fully discuss this factor in its final approval briefing.

12

The proposed notice is appropriate and complies with both Rule 23(c)(2)(B) and (e)(1). The Notice contains all of the required Rule 23 information and properly advises the Class Members of their rights. The proposed method for notifying the Class Members therefore satisfies both Rule 23 and due process and constitutes the best notice practicable under the circumstances.

## IV. CONCLUSION

For the foregoing reasons, Helwig, on behalf of himself and all others similarly situated, respectfully requests the Court grant the motion and enter the Preliminary Approval Order:

(1) Preliminarily approving a proposed class settlement;

(2) Scheduling a final fairness hearing;

(3) Approving the form and manner of notice proposed to be sent to all members of the Settlement Class.

Respectfully submitted,

*/s/ Stephen M. Bosak*
Stephen M. Bosak, Jr. (0092443)
GEMBALA, McLAUGHLIN
& PECORA CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
sbosak@gmpfirm.com
*Class Counsel*